DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHASEY C. BASS,**
Appellant,

v.

**KAYLEE M. LEFEBVRE,**
Appellee.

No. 4D2026-0729

[July 1, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert Lee Pegg, Judge; L.T. Case No. 562024DR001592AXXXHC.

Chet Eliot Weinbaum of the Law Office of Chet E. Weinbaum, Fort Pierce, for appellant.

Lori Irene Steger of Steger Law, Stuart, for appellee.

LEVINE, J.

A child was born to unmarried parents. The father only saw the child but a few times. When the child was around one year old, the father moved to North Carolina. The father had only sporadically sent child support to the mother and had not seen the child since he relocated. The father then initiated this action by filing a petition for paternity in 2024. Failing to reach an agreement at mediation, both the mother and father filed alternate proposed parenting plans.

The mother's proposed plan set out a detailed timesharing plan that required the father to begin with virtual communication with the child, before moving to in-person supervised visits, and then unsupervised visits. Eventually overnight visits would occur, provided that the designated supervisor found the child was not negatively affected and that the father maintained the set schedule. The mother's plan also required that the father pay for seventy percent of the mediation and child's schooling costs, one hundred percent of the costs for his supervised visits, and mandated that he bequeath a portion of his net estate to the child.

In contrast, the father's plan proposed a timesharing schedule that provided regular visitation one weekend per month and an alternating schedule for holidays and extended school breaks. His plan also provided shared parental responsibility and an equal division of costs.

The court entered final judgment, finding that initial timesharing with the father should be supervised following the mother's detailed parenting plan. The court ordered that the parties share parental responsibility but granted the mother ultimate decision-making authority. The court ordered that the father pay child support and retroactive child support. The court expressly approved and incorporated the mother's proposed parenting plan in its entirety.

On appeal, the father argues that the court erred by: (1) ordering unequal timesharing and steps to obtain unsupervised visits; (2) mandating that the father maintain a life insurance policy and pay all travel costs to his state of residence; (3) awarding retroactive child support in excess of the statutory limitation; (4) awarding unpled relief; and (5) not awarding the parties shared parental authority.

We find that the trial court, in adopting the mother's parenting plan, erred in part and, thus, we reverse and remand only the following portions of the final judgment: (1) establishing a progressive timesharing plan that delegates future timesharing decisions to a third party, (2) requiring the father to maintain life insurance, (3) requiring the father to pay all travel costs for timesharing, and (4) awarding retroactive child support beyond the statutory twenty-four-month period. We affirm all other issues relating to the mother's parenting plan without further comment.

## 1. Steps to Unsupervised Visitation

In adopting the mother's parenting plan, the trial court ordered that the father must comply with certain steps to obtain unsupervised visitation with the child. The plan also provided that the father would not proceed to the next step if there were "unresolved concerns regarding the child's emotional health," as determined by a third-party supervisor selected by the mother.

A trial court may order supervised timesharing with the intent that a parent may eventually progress to unsupervised timesharing; however, the court must provide the parent with specific steps to obtain that relief. *Lightsey v. Davis*, 267 So. 3d 12, 15 (Fla. 4th DCA 2019). The specific steps must be set out with such certainty that the parent leaves the courtroom knowing that if they successfully complete specific tasks, they

2

will be able to establish unsupervised timesharing. *Id.*

Further, the court cannot delegate the determination of timesharing or leave the decision regarding when to allow unsupervised visits entirely to a third party's discretion. *Id.*; *see also Hershberger v. Hershberger*, 390 So. 3d 747, 748 (Fla. 5th DCA 2024) ("Florida law is clear that the delegation of judicial authority to decide timesharing to any person is error, whether that person is an arbitrator, another parent, a child, or an expert."); *Natali v. Natali,* 313 So. 3d 958, 959-60 (Fla. 2d DCA 2021) (recognizing that courts disapprove of timesharing plans that allow a parent's timesharing to increase based on future events without renewed judicial review).

Here, the parenting plan delegates responsibility to a third party that is solely within the trial court's authority. This is error. The order provides that once the father reaches "Stage 2," the supervisor selected by the mother determines the frequency of timesharing and when the father may proceed to unsupervised visits. The order vests in a third party, and not the trial court, the ability to determine whether and when the father receives expanded or unsupervised timesharing. *See Kiswani v. Hafza*, 403 So. 3d 416, 418-19 (Fla. 5th DCA 2025) (finding an impermissible delegation where the child's therapist was allowed to determine if, when, and under what parameters contact would occur).

As such, the trial court abused its discretion in establishing a timesharing plan that delegates future timesharing decisions to a third party without further court review. We reverse and remand with instructions for the court to establish tasks for the father to complete in order to secure unsupervised timesharing with the child and for the court, and only the court, to make the decisions on timesharing.

## 2. Life Insurance and Travel Costs

### a. Life Insurance

In adopting the mother's proposed parenting plan, the court ordered the father to obtain a life insurance policy until the child turns eighteen. The father maintains that the court failed to make the necessary factual findings to support this mandate. The father is correct.

An order requiring a party to purchase life insurance in connection with an award of child support is reviewed for an abuse of discretion. *Ramos v. Ramos*, 230 So. 3d 893, 897 (Fla. 4th DCA 2017). In ordering a party to purchase a life insurance policy to protect the award of child support,

"circumstances must suggest a necessity for such protection, and therefore the trial court should make appropriate findings regarding the necessity [for] insurance protection." *Gross v. Zimmerman*, 197 So. 3d 1248, 1254 (Fla. 4th DCA 2016) (citation omitted). Further, the court must make findings as to "the cost and availability of such insurance, and the financial impact upon the obligor." *Alvarez v. Stochetti*, 406 So. 3d 1007, 1010 (Fla. 3d DCA 2025); *see also Leyte-Vidal v. Leyte-Vidal*, 350 So. 3d 79, 83 (Fla. 4th DCA 2022) (reversing an order to maintain life insurance when the final judgment "failed to include findings on the cost of the policy, policy availability, or impact of the policy on Husband").

Here, the trial court failed to make any findings related to requiring the father to obtain life insurance to secure the child support award. Accordingly, the court erred in ordering the father to obtain life insurance without the required factual findings as to the necessity of life insurance or the ability of the father to secure or afford life insurance.

We reverse and remand this portion of the final judgment. Following reconsideration, the trial court must set forth appropriate findings if it determines life insurance is necessary to protect an award of child support. *See Leyte-Vidal*, 350 So. 3d at 83.

*b. Travel Costs*

In adopting the mother's parenting plan, the court ordered that the father be responsible for arranging and paying all travel costs for the child's timesharing visits with the father in his state of residence. The father argues this was error. We agree.

A trial court has broad discretion in timesharing matters, and its decision is reviewed for an abuse of that discretion. *Schwieterman v. Schwieterman*, 114 So. 3d 984, 987 (Fla. 5th DCA 2012). "The expense of transporting the minor child for visitation is a childrearing expense like any other" and "should be shared by the parents in accordance with their financial means." *Drakulich v. Drakulich*, 705 So. 2d 665, 667 (Fla. 3d DCA 1998). "[T]he proper test is the consideration of the parties' financial circumstances." *Aranda v. Padilla*, 216 So. 3d 652, 654 (Fla. 4th DCA 2017).

In considering the parties' financial circumstances, the trial court is required to make findings as to the number of visits contemplated and the amount of travel expenses, so that "the trial court can allocate visitation travel expenses in the same guidelines ratio as governed allocation of the other child care expenses . . . ." *Miller v. Miller*, 826 So. 2d 480, 481 (Fla.

4

1st DCA 2002); *see also Williams v. Williams*, 429 So. 3d 594, 601 (Fla. 3d DCA 2026) (reversing an order requiring the husband pay for transportation costs when "the trial court did not explain why it was requiring the Husband to pay 100% of the transportation costs").

Here, the trial court did not provide factual findings as to the anticipated number of visits with the father or the cost of such visits. Without those findings, it cannot be said that the court shared the costs of transporting the child based on the parties' financial means. The relocation of the father out of the child's state of residence cannot solely be the basis for the requirement that he pay all travel expenses. *See McKenna v. Fisher*, 778 So. 2d 498, 499 (Fla. 5th DCA 2001).

Accordingly, we reverse the order requiring the father to pay for all costs associated with travel for timesharing and remand for the trial court to provide specific factual findings to support its decision, and, if warranted, to amend the final judgment accordingly. *See Williams*, 429 So. 3d at 601.

### 3. Retroactive Child Support

The father argues that the trial court erred by awarding retroactive child support for a period of approximately thirty months prior to the initial petition for paternity. An award of retroactive child support is reviewed for an abuse of discretion. *Williams v. Gonzalez*, 294 So. 3d 941, 945 (Fla. 4th DCA 2020).

Section 61.30(17), Florida Statutes (2025), establishes a statutory limitation on retroactive child support, providing that the award may not exceed twenty-four months preceding the filing of the initial petition. *See Payne v. Dep't of Rev.*, 191 So. 3d 550, 551 (Fla. 5th DCA 2016). The initial petition was filed on June 18, 2024. Because the award reaches back to February 1, 2022, it exceeds the twenty-four-month statutory limitation. We reverse the award for retroactive child support and remand with instructions to recalculate the retroactive child support so that it does not exceed the twenty-four-month period prior to the filing of the initial petition.

In sum, we reverse and remand the portions of the final judgment consistent with this opinion and affirm all other portions of the final judgment.

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and MAY, JJ., concur.

\*     \*     \*

*Not final until disposition of timely-filed motion for rehearing.*